**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JIMMY I. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>Defendants. | No. 25cv13305 (EP) (LDW)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Jimmy I. Davis previously sued the then-acting Postmaster General in this District alleging discrimination while serving as a United States Postal Service ("USPS") employee. In 2024, Davis settled that suit for $3,000, released his employment claims, and agreed to its dismissal with prejudice. The settlement contained one exception: Davis could continue his challenge to the USPS's decision to fire him—his "removal" in federal employment terms—that was before the Merit Systems Protection Board ("MSPB").

After the MSPB sustained Davis's removal, he sought review in the Federal Circuit, which transferred the matter here. After the transfer, Davis amended his complaint and now sues the USPS and Postmaster General David Steiner (together, "Defendants") for breaching a collective bargaining agreement ("CBA") when USPS removed him. D.E. 17 ("Amended Complaint" or "Am. Compl.").

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the 2024 settlement bars this action. D.E. 20-1 ("Mot.").[1] Davis did not respond to the Motion,

[1] Defendants' Notice of Motion is at D.E. 20.

but he opposed Defendants' earlier motion raising the same defense. D.E. 16 ("Opposition" or "Opp'n").[2] The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Because the Amended Complaint asserts a claim Davis agreed to release, and because the 2024 settlement preserved the administrative matter before the MSPB rather than the action here, Davis's claim is barred by claim preclusion. Therefore the Court will **GRANT** the Motion and **DISMISS *with prejudice*** the Amended Complaint.

# I. BACKGROUND[3]

## A. *Davis I* and the Settlement

Davis sued the Postmaster General in this District in August 2021. *Davis v. DeJoy*, No. 21-15279 (D.N.J.) ("*Davis I*"), D.E. 1 ("Federal Circuit Transfer Order" or "Fed. Cir. Transfer Order"). While *Davis I* was pending, the USPS removed Davis from his position after a November 2021 altercation with a coworker, which Davis maintains was an assault on him. D.E. 20-2 ("MSPB Decision" or "MSPB Dec.") at 3. Davis appealed his removal to the MSPB in March 2022. MSPB Dec. at 2.

---

[2] The Court terminated Defendants' first motion to dismiss. D.Es. 16 ("First Motion") & 19. Defendants then filed the present Motion, to which Davis did not respond. *See* Dkt. Davis did, however, oppose the First Motion. Opp'n. The present Motion raises the same arguments as the First Motion. *Compare* D.E. 14-1, *with* D.E. 20-1. Because Davis is proceeding *pro se*, the Court construes the Opposition to the First Motion as applying to the present Motion. *See Love v. Cellco P'ship*, No. 25-13819, 2026 WL 473111, at *4 (D.N.J. Feb. 19, 2026) (treating arguments in a *pro se* plaintiff's amended complaint as his opposition to a motion he never formally opposed). In any event, the Court must decide the Motion on its merits rather than grant it as unopposed. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

[3] The facts in this Section are drawn from the Amended Complaint, which the Court accepts as true for purposes of the Motion. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also takes judicial notice of the records of Davis's prior suit in this District, his MSPB appeal, and the Federal Circuit proceedings. *See M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) (explaining that "a prior judicial opinion constitutes a public record of which a court may take judicial notice"). The Court takes notice only to establish what those records are and not for the truth of any facts found in them. *Id.*

The parties resolved *Davis I* at an April 2024 settlement conference before the Honorable José R. Almonte, U.S.M.J., where a volunteer attorney represented Davis for the limited purpose of the settlement. *See Davis I*, D.Es. 69, 70, 76, and 77. In May 2024, Davis and the Postmaster General signed a Stipulation of Compromise Settlement and Release of Claims. *Davis I*, D.E. 79-1 ("Settlement"). The USPS agreed to pay Davis $3,000. Settlement ¶ 3(a). In exchange, Davis agreed to dismiss *Davis I* with prejudice and, other than one exception, to:

> forever waive and release his rights to file or otherwise pursue or participate in any complaint, claim, lawsuit, grievance, or appeal at any time in the future against Defendant, or against the United States Postal Service, the Postmaster General, and their agencies, . . . in any state or Federal court, administrative forum, grievance process, body, tribunal, board, or commission, based upon any issues or claims arising out of or relating to his employment with the [USPS] occurring prior to the effective date of this [Settlement].

*Id.* ¶ 5. The Settlement also resolved all claims for attorneys' fees incurred in *Davis I*, including fees "advanced by any other attorney who has represented Plaintiff in the above-captioned matter." *Id.* ¶ 4.

Davis, however, did "not release the United States Postal Service from the pending administrative matter before the U.S. Merit Systems Protection Board captioned Jimmy I. Davis v. U.S. Postal Service"—his removal appeal. *Id.* ¶ 4 (the "Exception"). The Exception is the central issue here. After the USPS paid Davis, the Honorable Claire C. Cecchi, U.S.D.J., dismissed *Davis I* with prejudice. *Davis I*, D.Es. 86 & 87.

### B. The MSPB Appeal and the Transfer

In September 2022, an administrative law judge ("ALJ") sustained the USPS's decision to remove Davis and rejected Davis's affirmative defenses. *See* MSPB Dec. at 2–4, 7–8. After further MSPB proceedings, Davis petitioned the Federal Circuit for review. Opp'n at 4; Fed. Cir. Transfer Order, Ex. 1.

At the Federal Circuit,[4] Davis argued that the MSPB overlooked his claim that the USPS removed him in retaliation for protected activity. Mot., Ex. 5 ("Fed. Cir. Brief") at 3–4. Because district courts—not the Federal Circuit—have jurisdiction over discrimination cases, including retaliation claims, the Federal Circuit directed Davis to state whether he wished to abandon his retaliation claim. *Id.* at 4–5. Davis responded that he did not, and he separately argued that his removal violated Article 16, Section 8 of the CBA between the USPS and the union that represented him during his employment there. *Id.* at 2, 4, 6. The Federal Circuit then transferred the matter to this District under 28 U.S.C. § 1631, concluding it did not have jurisdiction to hear Davis's retaliation claim. Fed. Cir. Transfer Order at 2–3.

### C. This Action

Because no pleading accompanied the transfer, the Honorable Leda D. Wettre, U.S.M.J., directed Davis to file a complaint. D.E. 8. He did, D.E. 10, and Defendants filed the First Motion on the grounds that the Settlement barred his claims. Davis responded with an opposition and the Amended Complaint. D.Es. 16 & 17. Judge Wettre administratively terminated the First Motion without prejudice to its refiling against the Amended Complaint, and Defendants filed this Motion.[5] D.E. 19, 20.

The Amended Complaint pleads one claim. Invoking § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), Davis alleges that USPS breached Article 16,

---

[4] The Federal Circuit docketed the petition under MSPB No. NY-0752-22-0089-B-1. Fed. Cir. Transfer Order, Ex. 1. Defendants treat that petition as arising from the removal appeal the Settlement preserved, *see* Mot. at 9, and the Court does the same.

[5] The Amended Complaint was accompanied by a letter requesting leave to amend. Am. Compl. at 1. Judge Wettre's order treated the Amended Complaint as the operative pleading, D.E. 19, and the Court does the same.

Section 8 of its CBA, which bars a USPS supervisor from imposing discharge unless the installation head for the union first reviews and agrees. Am. Compl. §§ II.A, III. According to Davis, the installation head was not properly notified of his proposed removal because Davis had pending NLRB charges against that installation head. *Id.* § III. He seeks reinstatement at another location, lost wages and benefits, compensation for defamation, pain and suffering, punitive damages, and $16,832.38 in legal fees. *Id.* § IV. The Amended Complaint does not mention the MSPB and asserts no discrimination or retaliation claim. *See generally id.* It does mention *Davis I*, which it describes as "closed with prejudice upon settlement of $3,000." *Id.* § IV.

## II. LEGAL STANDARD

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Courts may consider any "document integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although there is no "probability

requirement," a plaintiff's claims must do more than present "a sheer possibility that a defendant has acted unlawfully." *Id.*

Because Davis proceeds *pro se*, the Court construes the Amended Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not relax the obligation to plead facts: a *pro se* plaintiff must still allege enough to state a plausible claim. *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013). The allegations must include "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

Although claim preclusion is an affirmative defense, the Court may resolve it on a Rule 12(b)(6) motion when no facts are in dispute and the prior pleadings and judgment are matters of public record. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016). In assessing a claim preclusion defense, the court may take notice of "the record from a previous court proceeding between the parties." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008). The Court may take judicial notice of the Settlement, because it was publicly filed in *Davis I*. Moreover, Davis signed the Settlement, and he relies on it in both his pleading and his opposition. *See* Settlement; Am. Compl. § IV; Opp'n at 2, 6.

## III. DISCUSSION

Davis does not dispute that he signed the Settlement or that *Davis I* was dismissed with prejudice. Davis concedes that he agreed to release "all claims against the Postal Service except for pending Merit Systems Protection Board cases." Opp'n at 2. Yet the parties disagree over the extent of the Exception. Defendants argue that it let Davis finish his administrative challenge and nothing more. Mot. at 17. Davis responds that he never agreed to give up "his wrongful termination case" before the MSPB, which the Federal Circuit transferred here. Opp'n at 6.

The central question is whether the Settlement bars the claim Davis now pleads. As explained below, it does. And the Exception does not apply because the Amended Complaint drops the retaliation claim that underpinned Davis's MSPB action and substitutes it with a separate employment-related claim outside the Exception.

**A. Claim Preclusion Bars Davis's Claim**

Claim preclusion applies when there is (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a later suit based on the same cause of action. *Hoffman*, 837 F.3d at 279. When the prior suit ended in a settlement, the third element depends on the terms of the settlement: "the express terms of a settlement agreement, not merely the terms of the judgment, determine the bounds of preclusion after a settlement." *Toscano*, 288 F. App'x at 38. Preclusion thus reaches whatever claims the settlement covers, not merely those pleaded in the original complaint. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 282 (3d Cir. 2014) (holding claims barred because "the terms of the *Gaskin* settlement" showed "that it included the claims made against the PDE here"). Defendants bear the burden on every claim preclusion element. *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020). Here, Defendants have met their burden for claim preclusion.

*1. Davis I ended in a final judgment between the same parties*

The first two elements of claim preclusion—judgment on the merits and same parties—are not in dispute. A dismissal with prejudice operates as an adjudication on the merits and ordinarily precludes later claims. *Id.* Because courts construe ambiguous dismissals against preclusion, dismissals due to claim preclusion require "a clear and explicit statement" that a voluntary dismissal was with prejudice. *Id.* The Settlement here provides such a statement. Davis agreed

to dismissal with prejudice, Settlement ¶ 5, and Judge Cecchi entered an order of dismissal saying exactly that, *Davis I*, D.E. 87.

The parties are also the same in both actions. Davis sued the Postmaster General in *Davis I* and sues the USPS and the current Postmaster General here. *Compare Davis I*, D.E. 1, *with* Am. Compl. § I.B. A successor officer steps into his predecessor's official role, *see* Fed. R. Civ. P. 25(d), and the Settlement expressly releases both the USPS and the Postmaster General. Settlement ¶ 5.

*2. The Settlement releases the contract claim*

Federal law governs the Settlement. *Id.* ¶ 10; *see United States v. Seckinger*, 397 U.S. 203, 209 (1970). The Settlement's release is broad. Davis waived his right to pursue "any complaint, claim, lawsuit, grievance, or appeal" against USPS or the Postmaster General "in any state or Federal court" that is "based upon any issues or claims arising out of or relating to his employment with the United States Postal Service occurring prior to the effective date" of the Settlement. Settlement ¶ 5. An employee's knowing and voluntary settlement of claims "waives those claims and bars a subsequent suit." *Henson-Miksic v. Potter*, 250 F. App'x 509, 511 (3d Cir. 2007).

The Amended Complaint falls within the Settlement's release language. Davis brings this suit in federal court against USPS and the Postmaster General. Davis's claim that the USPS removed Davis without the installation head's concurrence arises out of his employment with the USPS. And Davis's removal challenge took place years *before* the Settlement. Am. Compl. § III; MSPB Dec. at 2; *cf. Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) (holding that a dismissal with prejudice entered on a settlement "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case").

Indeed, Davis knew of the claim when he signed the Settlement because, at that time, he had been contesting removal before the MSPB for two years. *See* MSPB Dec. at 1. That Davis now calls his claim a breach of contract does not change that the claim is precluded. *See Henson-Miksic*, 250 F. App'x at 511 (holding that claims "now recast" under a different theory were barred because they were "identical to the ones released"). The relief Davis seeks confirms the Court's conclusion. The $16,832.38 in legal fees Davis seeks is the exact amount in attorney's fees his counsel in *Davis I* charged him, Opp'n at 2; Am. Compl. § IV, and the Settlement resolved all fee claims arising from that representation, Settlement ¶ 4.

Moreover, Davis does not contend that he signed the Settlement unknowingly or involuntarily. He reached the terms of the Settlement with the help of a volunteer attorney, signed it weeks after the conference, and represented that he did so "with full understanding of its legal consequences and without any duress or pressure." Settlement ¶ 9; *Davis I*, D.E. 70, 76, 77, and 79. The Amended Complaint is therefore barred unless the exception applies. As explained below, it does not.

*3. The MSPB Exception does not reach the contract claim*

The Settlement's Exception preserved "the pending administrative matter before the" MSPB, which was Davis's appeal of his removal from the USPS. Settlement ¶ 4. Defendants read it narrowly, as permitting Davis only to pursue his claim before the Board, "which he has." Mot. at 17. The Court does not adopt that reading. The exception does not say "before the Board"; it preserves a "matter," and the Civil Service Reform Act provides for judicial review of the Board's final decision as part of that matter. *See* 5 U.S.C. § 7703(a)(1). To the extent the language is ambiguous, the Court construes it against the United States as drafter. *See Seckinger*, 397 U.S. at 210 (applying "the general maxim that a contract should be construed most strongly against the

drafter, which in this case was the United States"). The Court thus assumes that the Exception preserved both the Board proceeding and judicial review of the MSPB's decision.

Even on that broader reading of the Settlement, the Amended Complaint is not part of the preserved matter within the Settlement's Exception. The Exception preserves a particular proceeding before the MSPB and identifies that proceeding by caption and docket number. Settlement ¶ 4. Specifically, Davis released claims "which were filed, or could have been filed, before the Merit Systems Protection Board, with the exception of the pending administrative matter." *Id.* In doing so, he waived his right to pursue any employment-related "complaint, claim, lawsuit, grievance, or appeal" in any forum "with the exception of the pending administrative matter," *id.* ¶ 5.

The Amended Complaint is not the case in the Exception. In fact, the Amended Complaint does not mention the MSPB, identify its decision, or ask the Court to set that decision aside. Am. Compl. §§ II–IV. Davis invokes the LMRA as its only basis for relief, *id.* § II.A, and it seeks remedies that no court reviewing the Board could award, including damages for defamation, pain and suffering, punitive damages, and the fees from *Davis I*, *id.* § IV. Put simply, this case is a new lawsuit in federal court on an employment-related claim—precisely the kind of case which Davis agreed to waive through the Settlement.

In sum, claim preclusion bars Davis's claim. The Court will therefore **GRANT** the Motion.

### B. Leave to Amend Is Not Warranted

When a complaint is vulnerable to dismissal under Rule 12(b)(6), a district court "must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. An amendment is futile if the amended complaint would still fail to state a claim. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Leave may also be denied for "repeated failure

to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment would be futile as to any claim the Settlement released. The defect is not a missing fact that better pleading could supply. Any claim Davis might assert against Defendants arising from his employment before the Settlement took effect, whether under the LMRA, the Family and Medical Leave Act, or another theory, is barred by the Settlement. Davis has also already had the opportunity to cure his original complaint. Defendants' first motion identified the Settlement as a bar, and Davis responded by amending. D.Es. 14 & 17. Yet amendment did not cure the defect.

Having twice chosen what to plead before this Court—the second time with notice of Defendants' arguments—Davis is not now entitled to a third attempt. *See Foman*, 371 U.S. at 182. The Court will therefore **DISMISS *with prejudice*** the Amended Complaint.

## IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this **9th** day of November, 2026,

**ORDERED** that Defendants' Motion to Dismiss, D.E. 20, is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint, D.E. 17, is **DISMISSED *with prejudice***; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Order on Plaintiff by U.S. mail and **CLOSE** this matter.

Evelyn Padin, U.S.D.J.